Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| ERIC FONG<br><br>Recurrido<br><br>v.<br><br>ERIKA HUDGINS<br><br>Peticionaria | TA2025CE00043 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2025RF00450 (4003)<br><br>Sobre: Divorcio |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de julio de 2025.

Comparece ante nos Erika Hudgins ("Peticionaria" o "señora Hudgins") mediante *Escrito de Certiorari* presentado el 26 de junio de 2025. Nos solicita la revocación de la *Resolución Interlocutoria* emitida el 30 de mayo de 2025, notificada el 2 de junio del mismo año por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro primario" o "foro *a quo*"). Por virtud del aludido dictamen, el foro primario determinó que la causa de acción sobre sentencia declaratoria instada por la Peticionaria para impugnar unas capitulaciones matrimoniales debía atenderse en otro pleito.

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

### I.

Conforme surge del expediente, el 13 de marzo de 2025, el señor Eric Fong ("Recurrido" o "señor Fong") radicó un escrito intitulado *Petition for Divorce* sobre divorcio por ruptura

irreparable.[1] Mediante el mismo, alegó que las partes de epígrafe contrajeron matrimonio el 21 de diciembre de 2018 en Mammoth Lakes en el estado de California. Sostuvo que, el 14 de diciembre de ese año, pactaron unas capitulaciones matrimoniales mediante documento intitulado *Premarital Agreement*. Además, arguyó que ambas partes viven en Puerto Rico desde abril de 2024. Asimismo, puntualizó que desean separarse y detalló que no tenían menores a su cargo ni se habían acogido a la Ley Federal de Quiebras.

Por su parte, el 26 de mayo de 2025, la Peticionaria presentó *Contestación a Demanda*.[2] En esta, levantó sus correspondientes defensas afirmativas. Además, por virtud de este escrito, instó *Reconvención*. Cónsono con lo anterior, solicitó una orden para que se prohibiera disponer, enajenar o comprometer cualquier bien conyugal. De la misma forma, solicitó que el Recurrido continuara con el pago de gastos de manutención por la cantidad de ocho mil dólares ($8,000.00), más el pago de renta de la residencia y los gastos de litigio.

Por último, en su escrito, la Peticionaria solicitó una sentencia declaratoria y, consecuentemente, requirió que el contrato de capitulaciones matrimoniales fuese decretado inválido. El fundamento para tal petición obedecía a que los contratos de capitulaciones matrimoniales otorgados fuera de Puerto Rico y que no hubieran sido elevados a escritura pública son inválidos en nuestra jurisdicción.

Por su parte, el 29 de mayo de 2025, el señor Fong presentó *Contestación a Reconvención*.[3] Mediante esta, expuso que el caso de marras no era el proceso adecuado para que el foro primario atendiera una solicitud para declarar ineficaces o nulas unas

---

[1] Véase, SUMAC TPI, Entrada 1.
[2] Véase, SUMAC TPI, Entrada 25.
[3] Véase, SUMAC TPI, Entrada 33.

capitulaciones matrimoniales, pues lo que el foro *a quo* tenía ante su consideración era un proceso de divorcio.

En el ínterin, el 26 de mayo de 2025, la señora Hudgins presentó *Moción Solicitando Transferencia de Vista.*[4] En esta expuso que el foro primario había pautado una vista mediante videoconferencia para el 30 de mayo de 2025. No obstante lo anterior, esbozó que su representación legal estaría de vacaciones y se reincorporaría a sus labores el 7 de junio de 2025, por lo que solicitó que aplazara la vista para una fecha posterior. En respuesta, ese mismo día, el señor Fong instó *Urgente Oposición a Suspensión* mediante la cual expresó que no había motivos para posponer la vista, pues los asuntos que se ventilarían en la misma no serían complicados.[5] Por su lado, la Peticionaria presentó *Mocion* [sic] *de Comparecencia Especial y en Réplica a Moción en Oposición.*[6] En esta, reiteró su posición en cuanto a la transferencia de la vista y, además, solicitó que se le ordenara al Recurrido a suplir contestaciones y documentos solicitados en el descubrimiento de prueba. Examinados estos escritos, el 27 de mayo de 2025, el foro primario emitió Orden y determinó lo siguiente: Se mantiene el señalamiento del 30 de mayo de 2025. "[s]i el representante legal del demandado no puede conectarse ese día, tiene que buscar otro abogado que lo sustituya. El juicio no se transferirá".[7]

En desacuerdo, el 30 de mayo de 2025, la señora Hudgins presentó *Moción que pide Reconsideración al Amparo de la Regla 47 de las de Procedimiento Civil; Que pide Determinaciones de Hechos Adicionales y Conclusiones de Derecho y Otros Extremos.*[8] En esencia, sostuvo que el no trasferir la vista, violentaba sus derechos más básicos, pues no le permitiría estar asistida del abogado de su

---

[4] Véase, SUMAC TPI, Entrada 27.
[5] Véase, SUMAC TPI, Entrada 28.
[6] Véase, SUMAC TPI, Entrada 29.
[7] Véase, SUMAC TPI, Entrada 31.
[8] Véase, SUMAC TPI, Entrada 34.

predilección, ni tampoco le permitiría llevar a cabo un descubrimiento de prueba para la fijación de medidas cautelares.

Así las cosas, 30 de mayo de 2025, se llevó a cabo el juicio en su fondo. Surge de la *Minuta* de la vista, que la representación legal del señor Fong cuestionó el hecho de que la señora Hudgins compareciera sin intérprete.[9] Así pues, ese mismo día, notificado el 2 de junio del mismo año, el foro primario emitió *Resolución Interlocutoria* y, en lo pertinente, dispuso lo siguiente:

> Ante la falta de intérprete para la parte demandada, este tribunal transfirió el juicio en su fondo para el 18 de julio de 2025 a la 1:00 p.m. por el método de videoconferencia. Tiene la parte demandada que coordinar la comparecencia de un intérprete para el día señalado para celebrar el juicio. Ese intérprete tiene que contar con un auricular aparte mediante el cual le traduzca todo por un teléfono aparte, a la parte demandada. Lo anterior, para que la traducción no afecte el procedimiento a llevarse a cabo ese día.

> Sobre la controversia en torno al régimen económico existente entre las partes, la misma tendrá que presentarse en un pleito independiente sobre liquidación de comunidad de bienes, competencia de una sala civil ordinaria. En vista de que existe dicha controversia, el tribunal declara sin lugar la solicitud de medidas cautelares presentada por la parte demandada.[10]

Inconforme, el 26 de junio de 2025, la Peticionaria presentó el recurso de epígrafe y esgrimió los siguientes señalamientos de error:

> Erró el Honorable Tribunal de Primera Instancia al desestimar la reconvención presentada sin atender la petición de sentencia declaratoria, la cual contempla la anulabilidad de las capitulaciones matrimoniales conforme a lo resuelto en López Torres v. González Vázquez, 2000 T.S.P.R. 80, incurriendo en abuso de discreción, prejuicio [sic], parcialidad y/o error manifiesto.

> Erró el honorable Tribunal de Primera Instancia al no permitir el descubrimiento de prueba a los fines de establecer las medidas cautelares para la determinación de gastos de manutención, gastos de litigio y protección de los bienes del patrimonio conyugal, violentando así el derecho constitucional de proteger sus bienes y su propiedad, así como el debido proceso de ley de la recurrente.

> Erró el honorable Tribunal de Primera Instancia al no fundamentar su decisión, a pesar de habérsele

---

[9] Véase, SUMAC TPI, Entrada 41.
[10] Véase, SUMAC TPI, Entrada 40.

solicitado determinaciones de hechos y conclusiones de derecho.

Acompañó su petición de escrito, con una *Moción en Auxilio de Jurisdicción.* A esos fines, solicitó que se paralizaran los procedimientos hasta tanto esta *Curia* dispusiera del recurso de epígrafe. El 1 de julio de 2025, esta Curia emitió *Resolución,* en la que declaró *No Ha Lugar* la solicitud en auxilio de jurisdicción. Además, mediante *Resolución* emitida el 27 de junio de 2025, se le concedió hasta el 7 de julio de 2025 para que el Recurrido presentara su oposición al recurso. Oportunamente el 7 de mayo de 2025, el señor Fong presentó *Oposición a Certiorari.* Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.
### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual

manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. *Íd.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

**III.**

Expuesto el marco jurídico y ponderados los argumentos presentados por las partes, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Al amparo de los criterios que guían nuestra discreción, no intervendremos en la determinación recurrida. En el presente caso, la Peticionaria no ha demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos. Por lo cual, somos del criterio que en el presente caso procede que se deniegue el recurso de *certiorari* de epígrafe.

Nuestra determinación de no intervenir en los méritos de la decisión recurrida en estos momentos no constituye una adjudicación de la controversia existente entre las partes ni prejuzga el asunto planteado por estas.

**IV.**

Por los fundamentos anteriormente expuestos, **denegamos** el recurso de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones